UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARISSA COLLINS, as Conservator for
JASMINE MARLOWE-COLLINS, a minor,

    Plaintiff,

v.

LAKELAND HOSPITLAS AT NILES
AND ST. JOSEPH, INC. d/b/a
LAKELAND MEDICAL CENTER,
Jointly & Severally,

    Defendant & Third-Party Plaintiff,

v.

UNITED STATES OF AMERICA,

    Third-Party Defendant.
_____/

Case No. 1:18-cv-193

Hon. Paul L. Maloney

## REPORT AND RECOMMENDATION

This matter is now before the Court on third-party defendant United States' Motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (ECF No. 17). As alternative relief, the United States asks the Court to strike the third-party complaint as untimely pursuant to Fed. R. Civ. P. 14(a)(4). *See* Motion (ECF No. 17).[1]

### I.    Background

Plaintiff Marissa Collins, as Conservator for the minor Jasmine-Marlowe Collins ("JMC"), filed this lawsuit in the Berrien County Circuit Court against Lakeland Hospitals at Niles and St. Joseph, Inc., d/b/a Lakeland Regional Medical Center ("Lakeland"). Plaintiff alleged

---

[1] The United States' motion also requested an extension of time to serve an affidavit of merit. The Court addressed this request in a separate order. *See* Order to properly file motion for extension of time (ECF No. 19).

medical negligence of a nurse and Lakeland related to complications during JMC's birth in May 2009.  *See* Compl. (ECF No. 1-1).

Defendant Lakeland filed a third-party complaint for contribution naming InterCare Community Health Network (InterCare), Suzanne Wilcox, CNM, and Pamela Bradshaw, CNM, as Third-Party Defendants.  Third-Party Compl, (ECF No. 1-2).  Ultimately, the United States filed a Notice of Substitution because the third-party defendants were deemed employees of the Public Health Service at the time of the incident giving rise to this suit.  The United States Attorney removed the case to federal court on February 23, 2018, pursuant to 42 U.S.C. § 233(c), which provides in pertinent part:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto . . . .

42 U.S.C. § 233(c).  *See* Notice of Removal (ECF No. 1); State Court File (ECF No. 15).

## II.     The motion to dismiss

After removing the case as required by § 233(c), third-party defendant United States moved to dismiss Lakeland's third-party complaint for lack of subject matter pursuant to Fed. R. Civ. P. 12(b)(1), because Lakeland did not exhaust its administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.  In this regard, the United States notes that, "Lakeland previously filed its contribution claim directly against the United States in federal court, but voluntarily dismissed its Complaint after the United States filed a motion to dismiss based, in part, on the fact that Lakeland's claim had not yet accrued and Lakeland had not exhausted its administrative remedies as required by § 2675(a)."  United States' Brief (ECF No.

18). *See Lakeland Hospitals at Niles and St. Joseph, Inc. v. United States*, 1:17-cv-670 (W.D. Mich.) (dismissed Nov. 22, 2017). The United States points out that the doctrine of sovereign immunity prohibits the United States from being sued without its consent and that while it can be sued under the FTCA, a plaintiff must, absent an applicable exception, exhaust his or her administrative remedies before filing suit. *See* United States' Memorandum (ECF No. 18, PageID.294-295).

The exhaustion dispute arises from the last sentence of the statute requiring exhaustion of an FTCA claim, which states as follows:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury . . . , unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . . <u>The provisions of this subsection shall not apply to such claim as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.</u>

28 U.S.C. § 2675(a) (emphasis added).

The United States contends that the FTCA's exception to the administrative exhaustion requirement does not apply here because: (1) the plain text of 28 U.S.C. § 2675(a) establishes that a third-party claim originating in state court is not exempt from the FTCA's administrative exhaustion requirement; (2) the legislative history indicates that the exception applies only to third-party claims commenced in federal court; (3) the legislative intent behind § 2675(a) further establishes that third-party claims originating in state court are not exempt from the exhaustion requirement; and, (4) policy considerations provide further support that Congress did not exempt third-party claims filed in state court from the § 2675(a) exhaustion requirement. *Id.* at PageID.296-309.

The United States raised similar arguments related to the exhaustion exception in a motion to dismiss a similar third-party complaint filed in *Wolford v. South Shore Women's Health*

3

*Care, P.C.*, 1:18-cv-975 (W.D. Mich.) which had the same procedural posture as the present case: the defendant filed a third-party complaint in state court alleging medical malpractice against the third-party defendants (Nurse Begnaud and InterCare Community Health Network (ICHN)); the United States substituted in as the third-party defendant; and, then the United States removed the case to federal court pursuant to § 233(c). In *Wolford*, this Court rejected the United States' arguments to dismiss the case for lack of subject matter jurisdiction as summarized below:

### A. The plain text argument

In rejecting the "plain text" argument, this Court stated in pertinent part:

> The United States argues the exception applies to claims that could have been filed in federal court. The United States contends the Lakeland Defendants' third-party complaint could not have been filed in federal court as the claims presently exist: the parties are not diverse, the claims do not present a federal question, and the claim has not accrued so there has been no exhaustion of administrative remedies. The United States concludes that the action must therefore be dismissed for lack of subject-matter jurisdiction. The United States contends the plain language of the statute supports its interpretation.
>
> The argument advanced by the United States has previously been considered and rejected in several published and unpublished opinions by courts around this country. In each case, the lawsuit was filed in state court, a third-party complaint was later filed seeking indemnification or contribution from an entity associated with the federal government. After removing the action to federal court, the United States asked the Court to dismiss the lawsuit based on the failure to exhaust administrative remedies.
>
> The federal courts have offered several different reasons to reject the argument made here. First, the "as may be" language in the last sentence of § 2675(a) describes the types of claims that might be brought under Rule 14 of the Federal Rules of Civil Procedure. [Citations omitted.]
>
> The "as may be" language addresses the United States' plain language argument. The United States contends that "under the Federal Rules" requires the conclusion that the exception applies only to claims actually brought in federal court because the Federal Rules of Civil Procedure apply only to claims litigated in federal court. The statute states that the exhaustion requirement does not apply to "such claims as may be asserted under the Federal Rules of Civil Procedure . . . ." (emphasis added). The United States interprets the statute as not applying to "such

claims [ ] asserted under the Federal Rules of Civil Procedure . . . ." The United States' interpretation thus fails to give any meaning to the three words "as may be."

Second, accepting the United States' interpretation of the disputed sentence results in piecemeal litigation and risks incomplete relief to injured parties. *Hassan v. Lousiana Dep't of Transp. and Dev.*, 923 F. Supp. 890, 894 (W.D. La. 1996). Hassan filed his lawsuit in state court against the Louisiana Department of Transportation and a construction company for trespass and causing damage by grading his property and destroying trees. The construction company asserted that it simply followed the plans required by the United States Army Corp [sic] of Engineers, and filed a third-party complaint against the Corp. The Corp removed the lawsuit to federal court and filed a motion to dismiss asserting the failure to exhaust administrative remedies under the FTCA. After discussing the holdings in [*Thompson v. Wheeler*, 898 F.2d 406 (3d Cir. 1990)] and [*Jackson v. Southeastern Pennsylvania Transp. Auth.*, 727 F. Supp. 965 (E.D. Pa. 1990)], the court provided another reason to reject the Corp's interpretation of the exception language. The defendant in the state court action would be forced to litigate the claim without the benefit of an indispensable party. *Id.* If an adverse judgment issued, the defendant would then be forced to exhaust administrative remedies, and eventually bring a claim in federal court. *Id.* "This situation would result in a significant waste of judicial resources and create a substantial risk that complete relief would not be accorded to all parties." *Id.*

The Court is aware of at least three unpublished district court cases which issued opinions also rejecting the argument advanced by the Government here. . . .

*Wolford*, 1:18-cv-975 (Opinion and Order) (W.D. Mich. Sept. 25, 2019) (ECF No. 21, PageID.128-132).

### B. The legislative history, legislative intent, and policy arguments

This Court also rejected the United States' arguments related to the FTCA's legislative history:

The United States also argues that the legislative history of § 2675 supports its interpretation. Courts resort to legislative history only when the statutory language is ambiguous. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 207-08 (6th Cir. 2004). The United States has not established that the exception language in § 2675(a) is ambiguous, meaning that the provision is subject to multiple reasonable interpretations. Indeed, the United States has not identified a single court that has accepted its interpretation of the statute. And, that United States has raised this interpretation question repeatedly over the past several decades.

*Wolford*, 1:18-cv-975 (PageID.132-133).

5

For the reasons as stated in *Wolford*, the Court concludes that third-party defendant United States' motion to dismiss should be denied in this case as well.

### III. Motion to strike the third-party complaint

In the alternative, the United States moves to strike the third-party complaint pursuant to Fed. R. Civ. P. 14(a)(4) because it was not timely filed in the state court. Fed. R. Civ. P. 14 provides in pertinent part:

**(a) When a Defending Party May Bring in a Third Party.**

> **(1) Timing of the Summons and Complaint.** A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer. . . .
>
> **(4) Motion to Strike, Sever, or Try Separately.** Any party may move to strike the third-party claim, to sever it, or to try it separately.

Fed. R. Civ. P. 14(a)(1), (4).

> Third party complaints are governed by Federal Rule of Civil Procedure 14. Rule 14(a) permits a defendant to implead a third party who may be liable for part of the plaintiff's claim. The rule encourages efficiency by permitting related claims to be tried in one action. In order to promote this purpose, courts have held that Rule 14(a) should be liberally construed. *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir.1986), *cert. denied*, 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 999 (1987); *F.D.I.C. v. Loube*, 134 F.R.D. 270, 272 (N.D.Cal.1991). Whether to permit impleader is within the district court's discretion. 791 F.2d at 777.

*Aetna Casualty & Surety Co. v. Dow Chemical Co.*, 933 F. Supp. 675, 686-87 (E.D. Mich. 1996).

Here, the United States seeks to strike the third-party complaint pursuant to Fed. R. Civ. P. 14(a)(4).

> Rule 14 provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). . . "Although Rule 14(a) has never expressly provided for a motion to dismiss third-party claims, the federal courts have entertained both motions to dismiss and to strike and have not

drawn distinctions between them." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1460 (3d ed.). The court applies the standard of review for motions to dismiss under Rule 12(b)(6). *See Starnes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036, 1056 (W.D. Tenn. 2011).

*Porter Casino Resort, Inc. v. Georgia Gaming Inv., LLC*, No. 18-2231, 2019 WL 3431746 at *3 (W.D. Tenn. July 30, 2019).

The United States sets forth the following procedural background and rationale for striking the third-party complaint, which defendant Lakeland filed in the state court proceeding before removal:

> Lakeland's deadline for filing its third-party complaint was October 14, 2016. (Case Mgmt. & Sched. Order, ECF No. 15-14, PageID.261.) But it did not file its Motion for Leave to File Third-Party Complaint (Motion for Leave) until January 10, 2018, approximately 15 months after the deadline and only five days before the close of discovery. (*See* Lakeland's Mot. for Leave, ECF No. 15-3, PageID.112; Stip. to Adjourn Case Eval. and Amend Other Dates and Deadlines, ECF No. 15-9, PageID.242.) There is no apparent justification for this delay. On August 25, 2016, more than a year before filing its Motion for Leave, Lakeland filed a notice of non-party fault that named InterCare, CNM Chrisco-Wilcox, and CNM Bradshaw as non-parties who may be wholly or partially at-fault and contained allegations that are substantially similar to those contained in the Third-Party Complaint.12 (Lakeland's Notice of Non-Party Fault, ECF No. 15-10, PageID.248.)
>
> If Lakeland's third-party claims are allowed to proceed, it will result in significant delay and wasted resources. In the fourteen months following August 25, 2016, the latest possible date upon which Lakeland was aware of its claims, Plaintiff and Lakeland engaged in active discovery, exchanging lay witness lists, retaining experts, disclosing and amending expert witness lists, and noticing depositions. (Discovery Filings, ECF No. 15-8, PageID.186.) To avoid any prejudice to the United States, much of this discovery would have to be redone—a time-consuming, duplicative, and potentially wasteful exercise given that Lakeland may not even ultimately have a claim against the United States to pursue.
>
> Given the untimeliness of Lakeland's Third-Party Complaint, and Lakeland's lack of justification for such delay, the Court should strike Lakeland's Third-Party Complaint.

United States' Mem. (ECF No. 18, PageID.10-11) (footnotes omitted).

In this case, Lakeland filed the third-party complaint in state court on or about January 22, 2018, more than a year after that court's deadline. By way of background, Lakeland's "direct" federal case against the United States was dismissed on November 22, 2017. *See Lakeland Hospitals at Niles and St. Joseph, Inc. v. United States*, 1:17-cv-670 (W.D. Mich.) *See* Proposed stipulation (ECF No. 20); Order of Dismissal (ECF No. 21). Thus, Lakeland filed the third-party complaint in the state court about two months after the dismissal of the federal case.

While the United States seeks to strike the third-party complaint as untimely, the late filing of that complaint did not appear to be a problem for the state court, which allowed Lakeland to file the third-party complaint "for the reasons stated on the record." *See* Order granting motion for leave to file a third-party complaint (Berrien Co. Cir. Ct. Jan. 16, 2018) (ECF No. 15-3, PageID.111). The case was removed to this Court a few weeks later pursuant to § 233(c).

Given the record in this case, by seeking to strike the third-party complaint, the United States is essentially asking this Court to vacate the state court's order allowing Lakeland to file the third-party complaint. As a general rule, "[a]fter removal, the federal court 'takes the case up where the State court left it off.' *Duncan v. Gegan*, 101 U.S. 810, 812, 25 L.Ed. 875 (1880)." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 436 (1974). *See Chaz Construction, LLC v. Codell*, 137 Fed. Appx. 735, 743 (6th Cir. 2005) ("in cases involving removal, the district court is instructed to 'take [ ] up the case where the State court left it off.'") (quoting *Duncan*).

> Further, although "[a]ny orders or rulings issued by the state court prior to removal are not conclusive in the federal action after removal . . . it is well-settled that they do remain binding on the parties until formally set aside by the district court." 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3738 (3d ed.1998); *see also* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."); *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 435-38, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974).

8

*Id*.

"However, 'once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal.'" *Cummings v. Husted*, 795 F. Supp. 2d 677, 685 (S.D. Ohio 2011) (quoting *Granny Goose Foods, Inc.*, 415 U.S. at 437). "Therefore, while an interlocutory state court order generally remains effective upon removal to federal court, the federal court may determine the appropriateness of the order and dissolve or modify it as necessary." *Cummings*, 795 F. Supp. 2d at 685.

The United States' arguments that it will be prejudiced by allowing the third-party complaint to proceed are not persuasive. While the United States contends that the third-party complaint was untimely, the Berrien County Circuit Court did not share that sentiment. On the contrary, the state court entered an order which allowed Lakeland to file the third-party complaint. While the United States contends "that much of [the] discovery would have to be redone," they provide no specific information to support their contention. This Court can tailor the case management order so that the discovery process will not be the "time-consuming, duplicative, and potentially wasteful exercise" that the government fears. Accordingly, this Court should decline the United States' request to vacate the state court's order granting leave to file a third-party complaint by granting its motion to strike the third-party complaint.[2]

---

[2] In reaching this determination, the undersigned is mindful of this Court's discussion regarding a remand to the state court in *Wolford*. *See Wolford*, 1:18-cv-975 at PageID.133-136). In *Wolford*, this Court noted that "it is not clear that this Court has the authority to remand the action in the absence of a determination that [Nurse] Begnaud was not acting within the scope of her employment" for purposes of the FTCA and § 233." *Id.* at PageID.133. As this Court observed:

"Assuming that this Court could not remand the action, accepting the United States' interpretation of § 2675(a) would be an exercise in futility. The Court would have to dismiss the third-party claim because the third-party claim was not exhausted and was not brought 'under the Federal Rules of Civil Procedure.' The dismissal would have to be without prejudice. Without the authority to remand, the lawsuit would remain here in federal court. Lakeland would then simply file another third-party complaint against Begnaud, and because this matter is now in federal court,

9

### III. RECOMMENDATION

For these reasons, I respectfully recommend that the United States' motion to dismiss the third-party complaint, or, in the alternative, to strike the third-party complaint (ECF No. 17) be **DENIED**.


Dated: March 2, 2020  /s/ Ray Kent
United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

the motion would be filed 'under the Federal Rules of Civil Procedure.' And, the parties would be right back where they are now - all here in federal court."

*Id.* at PageID.136. Thus, "[e]ven if the Court were to accept the United States' interpretation of § 2675(a), the Court has raised the possibility that granting the motion would be an exercise in futility." *Id.* at PageID.136-137.