UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARISSA COLLINS, as Conservator for JASMINE MARLOWE-COLLINS, a minor,<br>   Plaintiff, | |
| | No. 1:18-cv-193 |
| -v- | |
| | Hon. Paul L. Maloney |
| LAKELAND HOSPITAL AT NILES AND ST. JOSEPH, INC. d/b/a LAKELAND MEDICAL CENTER,<br>   Defendant & Third-Party Plaintiff, | |
| -v- | |
| United States of America,<br>   Third-Party Defendant. | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently pending is a motion to dismiss filed by the United States. (ECF No. 17.) The Court referred the motion to the magistrate judge, who issued a report recommending the Court deny the motion. (ECF No. 29.) The United States filed objections. (ECF No. 30.) The Court will adopt the report and recommendation and will deny the motion to dismiss.

I.

Plaintiff Collins filed this medical malpractice lawsuit the Berrien County, Michigan, Circuit Court. In January 2018, Defendant Lakeland Hospital filed a third-party complaint for contribution against two nurses and their employer. Approximately one week later, the United States removed the action to this Court and filed a motion to substitute itself in place

of the two nurses and their employer. The United States then filed the pending motion to dismiss asserting that the Court lacks subject-matter jurisdiction over the third-party complaint. The United States argues Lakeland Hospital failed to exhaust its administrative remedies under the Federal Tort Claims Act, a necessary requirement to avoid the doctrine of sovereign immunity.

The magistrate judge recommends denying the motion. The magistrate judge relies on an opinion issued by this Court in *Wolford v. South Shore Women's Health Care, P.C.*, No. 1:18-cv-975 (W.D. Mich.) (ECF No. 21 Opinion and Order dated Sept. 25, 2019).

The United States advances two objections. First, the United States asserts Lakeland must first exhaust its administrative remedies. The United States acknowledges that *Wolford* involved similar circumstances and advances this objection largely to preserve the argument on appeal. The objection is OVERRULED. As part of this argument, the United States attempts to distinguish *Wolford* by noting that Lakeland originally filed this lawsuit in federal court and then voluntarily dismissed that action. The difference does not change the outcome. The United States filed a motion to dismiss raising multiple arguments. When Lakeland voluntarily dismissed its first lawsuit, it did not provide a reason for its decision. The United States also points to the holding in *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1745-46 (2019). *Home Depot* addresses removals of actions when the basis for removal is a counterclaim, which is not the situation here.

Second, the United States objects to the magistrate judge's ruling that Lakeland's third-party complaint was timely. While the United States disagrees with the magistrate judge's reasoning, it also fails to address that reasoning. That is, to grant this request, the

Court would have to vacate the State court's order allowing the third-party complaint and this Court can tailor the case management order to minimize any prejudice. Accordingly, this second objection is OVERRULED.

For these reasons, the Report and Recommendation (ECF No. 29) is **ADOPTED** as the Opinion of this Court. Third-Party Defendant United State's motion to dismiss (ECF No. 17) is **DENIED. IT IS SO ORDERED.**

Date: March 24, 2020                                         /s/ Paul L. Maloney
                                                                                 Paul L. Maloney
                                                                                 United States District Judge